UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BEN HUBBARD                                                   PLAINTIFF

v.                                                 Civil No. 1:19-cv-00098-GHD-DAS

NAVAGIS, INC., *et al.*                                DEFENDANTS

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND FOR EXTENSION OF TIME**

The Court has before it a Motion for Leave to Conduct Discovery on Jurisdictional Issues and Motion for Extension of Time [9] filed by Plaintiff Ben Hubbard. Defendant Michael Howard filed a Motion to Dismiss for Lack of Personal Jurisdiction [5] under Fed. R. Civ. P 12(b)(2). Howard asserts that he does not have contacts with Mississippi sufficient for this Court to exercise personal jurisdiction over him. Hubbard seeks leave of court to conduct discovery regarding Howard's contacts with Mississippi. Howard has not filed a response in opposition to the motion.

When a defendant "disputes the factual bases of jurisdiction, 'the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue.'" *Ware v. Sailun Co.*, No. 116-CV-00003-DMB, 2017 WL 782899, at *3 (N.D. Miss. Feb. 28, 2017) (quoting *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)). A plaintiff may oppose a defendant's motion to dismiss for lack of personal jurisdiction by seeking such discovery. *Ware*, 2017 WL 782899, at *3 (citing *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The plaintiff must demonstrate the necessity of discovery by making at least a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The relevant inquiry is whether the plaintiff "presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Ware*, 2017 WL 7822899 (quoting *Fielding*, 415 F.3d at 29).

Hubbard's motion is well-taken. Hubbard alleges that Howard tortiously interfered with his employment contract with Defendant Navagis by wrongfully terminating him after Hubbard discovered Defendant David Moore was embezzling money from Navagis. He presents an affidavit [9-1] describing instances in which Howard traveled to Mississippi, some of which relate to the claims made against him in this case. For instance, Hubbard asserts that on one occasion, he informed Howard of Moore's alleged embezzlement in Madison, Mississippi. On another occasion in Starkville, Mississippi, Howard had conversations with Moore about the alleged embezzlement, and immediately after, Howard told Hubbard that Moore was displeased with Hubbard looking into Moore's actions. These allegations, if true, may be sufficient to establish the minimum contacts necessary for the Court to exercise personal jurisdiction over Howard, and they suggest that more contacts may exist.

Therefore, the Court GRANTS Hubbard's Motion for Leave to Conduct Discovery and for Extension of Time [9]. The parties shall have 30 days from the day this order is entered to conduct discovery related to the jurisdictional assertions against defendant Michael Howard. Hubbard shall file his response in opposition to Howard's Motion to Dismiss within 14 days of the conclusion of this discovery, and Howard may file a reply within 7 days of Hubbard's response. All further matters pertaining to this discovery are referred to United States Magistrate Judge David Sanders.

SO ORDERED, this, the 27 day of June 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE